UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEJANDRO BELLO MORALES,

      Petitioner,

    v.

WARDEN, GLADES COUNTY
DETENTION CENTER, TODD
BLANCHE, ACTING U.S.
ATTORNEY GENERAL; AND
TODD LYONS, ACTING
DIRECTOR OF IMMIGRATION
AND CUSTOMS ENFORCEMENT,

      Respondents.

Case No. 2:26-cv-1476-KCD-DNF

## **ORDER**

Petitioner Alejandro Bello Morales is a citizen of Nicaragua currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He asks this Court to release him, arguing that his detention violates the Fifth Amendment. (Doc. 1.)[1] The Government opposes the Petition. (Doc. 5.)

Morales argues that he is entitled to release because his detention has become unconstitutionally prolonged. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (reading 8 U.S.C. § 1231 to authorize continued detention of an alien

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

for six months following an order of removal). But § 1231 has no application here because Morales does not have a final removal order. (*See* Doc. 1 at 2.)

Morales's "detention is [instead] governed by § 1226(a)." *Nardella Mago*, 2026 WL 532485, at \*2 (M.D. Fla. Feb. 26, 2026). Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Morales has already received two bond hearings, which were denied. (*See* Docs. 1-1, 1-2.) Morales argues, though, that the most recent bond hearing on March 26, 2026, was inadequate. (Doc. 1 at 15.) But the Court has already determined in a prior case that the March 26 bond proceeding was sufficient, and the Court did not have jurisdiction to review the merits of the immigration judge's decision. See Case No. 2:26-cv-326-JES-DNF (Doc. 17). The same result applies here.

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Morales has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e).

Because Morales has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on August 10, 2026.

Kyle C. Dudek
United States District Judge